# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| GRAPHIC PACKAGING INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| INLINE PACKAGING, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Graphic Packaging International, Inc. ("Graphic Packaging") alleges against the Defendant as follows:

### THE PARTIES

1.     Plaintiff Graphic Packaging is a corporation organized under the laws of Delaware with its principal place of business at 1500 Riveredge Pkwy, Suite 100, Atlanta, GA 30328.

2.     Upon information and belief, Defendant Inline Packaging, LLC ("Inline") is a limited liability company organized under the laws of Delaware with its principal place of business at 1205 18th Ave S, Princeton, MN 55371.  Inline has

appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

## NATURE OF THE ACTION

3.     This is an action for patent infringement arising pursuant to the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* and seeking damages, along with injunctive relief pursuant to 35 U.S.C. §§ 281-285.

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     The Court has personal jurisdiction over Inline because Inline has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Georgia, including in this District.  Such acts by Inline cause injury to Graphic Packaging within this District.  Upon information and belief, Inline derives substantial revenue from the sale of infringing products within this District, and derives substantial revenue from interstate commerce.

6.     Because Inline has committed acts of patent infringement in this judicial district, and because Inline provides goods in this judicial district, and

otherwise maintains minimum contacts here, and because Graphic Packaging's principal place of business is in this district and Graphic Packaging suffered harm in this district, venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## STATEMENT OF THE FACTS

7.       On October 28, 2014, United States Patent No. 8,872,078 (the "'078 Patent"), entitled "Microwave Heating Construct" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '078 Patent is attached hereto as Exhibit A and incorporated herein by reference.

8.       On November 26, 2013, United States Patent No. D694,106 (the "'106 Patent"), entitled "Carton Blank" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '106 Patent is attached hereto as Exhibit B and incorporated herein by reference.

9.       On November 26, 2013, United States Patent No. D694,124 (the "'124 Patent"), entitled "Carton" was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '124 Patent is attached hereto as Exhibit C and incorporated herein by reference.

10.       On April 21, 2015, United States Patent No. D727,145 (the "'145 Patent"), entitled "Carton Blank" was duly and legally issued by the United States

Patent and Trademark Office.  A true and accurate copy of the '145 Patent is attached hereto as Exhibit D and incorporated herein by reference.

11.    Graphic Packaging owns all right, title, and interest in and to the '078 Patent, '106 Patent, '124 Patent, and '145 Patent (collectively the "Patents-in-Suit").

12.    Inline manufactures microwaveable susceptor products (hereinafter the "Inline Susceptors"), some of which are formed into susceptor sleeves.  It then sells the Inline Susceptors or the formed susceptor sleeves, to one or more customers.  Inline customers, within the United States, either form the Inline Susceptors, or use the pre-formed sleeves (hereinafter the "Inline Susceptor Sleeves"), and then fill the sleeves with foodstuffs, such as Hot Pockets pizza products and Lean Cuisine spring rolls and then wrap the filled sleeve in an outer carton.  Such customers then supply the outer carton containing the foodstuffs and the Inline Susceptor Sleeves to retail outlets for purchase by consumers nationwide.

13.    Upon information and belief, Inline has an agreement with Nestlé S.A. to provide all susceptor products needed for at least its Lean Cuisine spring rolls and Croissant Pocket products.  Upon information and belief, Inline has also provided Nestlé S.A. with susceptor products for certain of its Hot Pockets pizza

products.  One or more of these brands, packaged in Inline Susceptor Sleeves, is sold at various retail outlets in the State of Georgia and within this judicial district.

14.    Inline has directly infringed, or induced or contributed to the infringement of the Patents-in-Suit by making, using, selling, or offering for sale in this judicial district and elsewhere certain susceptor products including the Inline Susceptor Sleeves, that practice at least one claim of the Patents-in-Suit.

15.    Inline's infringement has damaged Graphic Packaging, in an amount yet to be ascertained, and has irreparably harmed, and continues to irreparably harm, Graphic Packaging, including by usurping Graphic Packaging's sales and business opportunities.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 8,872,078

16.    Graphic Packaging realleges and incorporates by reference the allegations stated in paragraphs 1-15 of this Complaint as if fully set forth herein.

17.    Inline has directly infringed and continues to infringe one or more claims of the '078 Patent, either literally or under the doctrine of equivalents, by making, using, offering for sale, or selling certain microwaveable susceptors, including the Inline Susceptors and Inline Susceptor Sleeves, that embody each element of at least one claim of the '078 Patent, without the authorization, consent, or permission of Graphic Packaging.

18.     Inline has knowingly and intentionally induced, and continues to knowingly and intentionally induce, others in this judicial district and throughout the United States to use, sell, offer for sale, and/or import susceptor products that Inline knows to infringe the '078 Patent, including by selling its Inline Susceptors to customers, and explicitly promoting and instructing that such Inline Susceptors be formed into Inline Susceptor Sleeves.

19.     Inline has contributed to the infringement of the '078 Patent and continues to do so by making, using, offering for sale, or selling susceptor products, including its Inline Susceptors, to customers, knowing that these products directly infringe the '078 Patent, constitute a material part of the invention, were especially made or especially adapted for use in infringement of the '078 Patent, and have no substantial non-infringing uses.

20.     Inline's past and continuing infringement of the '078 Patent has damaged Graphic Packaging in an amount to be determined at trial.

21.     Inline's past and continuing infringement of the '078 Patent has irreparably harmed Graphic Packaging, and Inline's infringement will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

22.     Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Graphic

Packaging to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. D694,106

23.    Graphic Packaging realleges and incorporates by reference the allegations stated in paragraphs 1-22 of this Complaint as if fully set forth herein.

24.    Inline has directly infringed and continues to infringe the claim of the '106 Patent by making, using, offering for sale, or selling certain microwaveable susceptors, including the Inline Susceptors and Inline Susceptor Sleeves, that embody each element the claim of the '106 Patent, without the authorization, consent, or permission of Graphic Packaging.

25.    Inline's past and continuing infringement of the '106 Patent has damaged Graphic Packaging in an amount to be determined at trial.

26.    Inline's past and continuing infringement of the '106 Patent has irreparably harmed Graphic Packaging, and Inline's infringement will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

27.    Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Graphic Packaging to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. D694,124

28.    Graphic Packaging realleges and incorporates by reference the allegations stated in paragraphs 1-27 of this Complaint as if fully set forth herein.

29.    Inline has directly infringed and continues to infringe the claim of the '124 Patent by making, using, offering for sale, or selling certain microwaveable susceptors, including the Inline Susceptors and Inline Susceptor Sleeves, that embody each element the claim of the '124 Patent, without the authorization, consent, or permission of Graphic Packaging.

30.    Inline has knowingly and intentionally induced, and continues to knowingly and intentionally induce, others in this judicial district and throughout the United States to use, sell, offer for sale, and/or import susceptor products that Inline knows to infringe the '124 Patent, including by selling its Inline Susceptors to customers, and explicitly promoting and instructing that such Inline Susceptors be formed into Inline Susceptor Sleeves.

31.    Inline has contributed to the infringement of the '106 Patent and continues to do so by making, using, offering for sale, or selling susceptor products, including its Inline Susceptors, to customers, knowing that these products directly infringe the '124 Patent, constitute a material part of the invention, were

especially made or especially adapted for use in infringement of the '124 Patent, and have no substantial non-infringing uses.

32.     Inline's past and continuing infringement of the '124 Patent has damaged Graphic Packaging in an amount to be determined at trial.

33.     Inline's past and continuing infringement of the '124 Patent has irreparably harmed Graphic Packaging, and Inline's infringement will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

34.     Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Graphic Packaging to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. D727,145

35.     Graphic Packaging realleges and incorporates by reference the allegations stated in paragraphs 1-34 of this Complaint as if fully set forth herein.

36.     Inline has directly infringed and continues to infringe the claim of the '145 Patent by making, using, offering for sale, or selling certain microwaveable susceptors, including the Inline Susceptors and Inline Susceptor Sleeves, that embody each element the claim of the '145 Patent, without the authorization, consent, or permission of Graphic Packaging.

37.     Inline's past and continuing infringement of the '145 Patent has damaged Graphic Packaging in an amount to be determined at trial.

38.     Inline's past and continuing infringement of the '145 Patent has irreparably harmed Graphic Packaging, and Inline's infringement will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

39.     Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Graphic Packaging to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Graphic Packaging respectfully requests that the Court:

(a)     Declare that Inline has directly infringed, induced others to infringe, and/or contributed to the infringement of the Patents-in-Suit, and that Inline has willfully infringed Graphic Packaging patent rights, as asserted herein;

(b)     Preliminarily and permanently enjoin Inline from directly infringing, inducing others to infringe, or contributing to the infringement of the Patents-in-Suit, including by specifically prohibiting Inline and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with

them, from making, using, offering to sell, selling, and importing into the United States any product which falls within the scope of any claim of the Patents-in-Suit;

(c)     Order an accounting for all monies received by or on behalf of Inline and all damages sustained by Graphic Packaging as a result of Inline's aforementioned infringements;

(d)     Award Graphic Packaging damages in an amount to be proved at trial to compensate Graphic Packaging for damages caused by Inline's direct and indirect infringement of the Patents-in-Suit;

(e)     Award Graphic Packaging increased damages pursuant to 35 U.S.C. § 284;

(f)     Award Graphic Packaging its reasonable attorneys' fees and litigation expenses, pursuant to 35 U.S.C. § 285;

(g)     Award Graphic Packaging prejudgment interest and costs pursuant to 35 U.S.C. § 284; and

(h)     Award Graphic Packaging such other and further relief as the Court may deem appropriate.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to FED. R. CIV. P. 38, Graphic Packaging hereby demands trial by jury as to all issues so triable in this action.

Respectfully submitted, this 5th day of May, 2015.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

/s/  James F. Vaughan
James F. Vaughan
GA Bar No. 726,075
JFVaughan@wcsr.com
271 17th Street, NW, Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:  (404) 870-8178

Barry J. Herman (*pro hac vice* application
to be filed)
BHerman@wcsr.com
250 West Pratt Street
Suite 1300
Baltimore, MD  21201
Telephone:  (410) 545-5800
Facsimile:  (410) 545-5801

Christine H. Dupriest (*pro hac vice*
application to be filed)
CDupriest@wcsr.com
1200 Nineteenth Street N.W.
Suite 500
Washington, DC  20036
Telephone:  (202) 857-4438
Facsimile:  (202) 261-0040

*Counsel for Plaintiff Graphic Packaging
International, Inc.*